# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| DARRELL MCDONALD | |
| v. | Case No. _____ |
| CYPRESS ENVIRONMENTAL MANAGEMENT TIR, LLC | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

1. Plaintiff Darrell McDonald brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Cypress Environmental Management TIR, LLC ("TIR") under the Fair Labor Standards Act (FLSA).

2. TIR is an oil and gas and construction staffing company. TIR employs oilfield personnel to carry out its work.

3. Plaintiff regularly worked for TIR in excess of forty (40) hours each week.

4. However, he never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, TIR improperly classified Plaintiff as an exempt employee and paid him a daily rate with no overtime compensation.

6. Plaintiff worked for TIR throughout the past three years as an inspector, also referred to as an operator.

7. Throughout his employment with TIR, Plaintiff was paid a day-rate with no overtime compensation.

8. Plaintiff's consent to be a party plaintiff is attached as Exhibit A.

9. Defendant Cypress Environmental Management TIR, LLC is a limited liability company doing business throughout the United States. Cypress Energy Management TIR, LLC may

be served through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78701.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit occurred in this District. Specifically, Plaintiff worked for TIR in this District and Division.

## COVERAGE UNDER THE FLSA

12. At all times hereinafter mentioned, TIR was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, TIR was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, TIR has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

15. At all relevant times, TIR has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

16. In each of the past 3 years, TIR's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

17.     Indeed, Plaintiff was engaged in commerce in foreign and/or interstate commerce and work on the channels and instrumentalities of interstate commerce, including but not limited to oil and gas pipelines across the country.

18.     At all relevant times, Plaintiff was engaged in commerce or in the production of goods for commerce.

19.     By paying Plaintiff a day rate with no overtime compensation, TIR violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

20.     As a result of this policy, Plaintiff does not receive overtime as required by the FLSA.

21.     TIR's uniform compensation scheme of paying its employees a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## THE FACTS

22.     TIR "is a full spectrum provider of Pipeline Inspection, Pipeline Integrity services and Non-Destructive Examination services to the oil and gas industry."[1] To complete their business objectives, TIR hires personnel (like Plaintiff) to perform work.

23.     As an operator, Plaintiff is responsible for the safe installation and operation of pipeline and provide necessary inspection services to oil and gas pipelines across the country.

24.     The Pipeline and Hazardous Materials Administration, a division of the U.S. Department of Transportation, regulates pipeline safety and sets safety standards that operators, such as Plaintiff, must follow.

---

[1] https://www.cypressenegery.com/tulsa-inspection-resources (last visited April 21, 2021).

25. Indeed, Plaintiff works on oil and gas pipelines in order to ensure the pipelines are constructed in accordance with TIR and its client's standards, protocols, and construction plans, as well as federal and state regulations.

26. Without the services Plaintiff provides to TIR, oil and gas would not be able to travel across state lines through the pipelines on which Plaintiff works.

27. Indeed, the services Plaintiff provides to TIR is necessary to keep the intra- and interstate flow of oil and gas.

28. The services Plaintiff provides to TIR and its clients immediately and necessarily precedes the action of oil and gas flowing along interstate pipelines across the country.

29. Plaintiff's work is centered on ensuring the safe transport of oil and gas along intra- and interstate pipelines across the country by making sure the pipelines necessary to transport oil and gas to its ultimate destination are constructed and/or repaired in accordance with established standards, procedures, plans, and regulations.

30. Plaintiff used tools, equipment, and consumables in his work interstate on oil and gas pipeline and related infrastructure.

31. Plaintiff is involved in the building, modifying, and maintaining the oil and gas transportation network of pipelines and related infrastructure.

32. Plaintiff works alongside other workers who are themselves engaged in building, modifying, and maintaining the oil and gas transportation network of pipelines and related infrastructure.

33. Plaintiff is essential to TIR and its client's operations.

34. TIR's client's pipelines exist as a conduit, much like roads or railways, to allow goods to enter and take part in interstate commerce.

35. Throughout Plaintiff's employment with TIR, TIR paid him on a day rate basis.

36. Plaintiff works for TIR under its day rate pay scheme.

37. Plaintiff does not receive a salary.

38. If Plaintiff did not work, he did not get paid.

39. Plaintiff receives a day rate for every day worked.

40. Plaintiff does not receive overtime pay.

41. This is despite the fact Plaintiff often worked 10 or more hours a day, for up to 7 days a week, for weeks at a time.

42. Plaintiff received the day rate regardless of the number of hours he worked in a week, even when he worked more than 40 hours.

43. Plaintiff does not, and never has, received guaranteed weekly compensation from TIR irrespective of the days worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

44. Plaintiff was required to report the days worked to TIR, not the hours he worked.

45. The work Plaintiff performed was an essential and integral part of TIR's core business.

46. During Plaintiff's employment with TIR, it exercised control over all aspects of his job.

47. TIR and/or the company it contracted with controlled all the significant or meaningful aspects of the job duties performed by Plaintiff.

48. Even though Plaintiff often worked away from TIR's offices, TIR still controlled all aspects of Plaintiff's job activities by enforcing mandatory compliance with TIR's policies and procedures.

49. TIR directly determined Plaintiff's rates of pay, their work schedule, and prohibited them from working other jobs for other companies while he was working on jobs for TIR.

50. Indeed, Plaintiff's daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by TIR.

51. Virtually every job function was pre-determined by TIR, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

52. Plaintiff was prohibited from varying his job duties outside of the pre-determined parameters.

53. Plaintiff's job functions were primarily technical in nature, requiring no college education or other advanced degree.

54. Plaintiff did not have any supervisory or management duties.

55. TIR's policy of failing to pay its employees, including Plaintiff, overtime violates the FLSA because these workers are performing non-exempt job duties.

56. TIR's day-rate system violates the FLSA because Plaintiff did not receive any overtime pay for hours worked over 40 hours each week.

57. TIRs' policy of paying Plaintiff a day rate with no overtime compensation violates the FLSA because it deprives him of overtime for the hours he works in excess of 40 hours in a single workweek.

58. TIR knew Plaintiff worked more than 40 hours in a week.

59. TIR knew, or showed reckless disregard for, whether Plaintiff was entitled to overtime under the FLSA.

60. Nonetheless, TIR failed to pay Plaintiff overtime.

61. TIR willfully violated the FLSA.

**FLSA VIOLATIONS**

62. Plaintiff incorporates the preceding paragraphs by reference.

63. By failing to pay Plaintiff overtime at one-and-one-half times his regular rates, TIR violated the FLSA's overtime provisions.

64. TIR owes Plaintiff the difference between the rate actually paid and the proper overtime rate.

65. Because TIR knew, or showed reckless disregard for whether, its pay practices violated the FLSA, TIR owes these wages for at least the past three years.

66. Because of TIR's willful conduct regarding this pay practice, TIR is liable to Plaintiff for an amount equal to all unpaid overtime wages as liquidated damages.

67. Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

68. Plaintiff hereby demands a trial by jury.

## PRAYER

69. WHEREFORE, Plaintiff prays for judgment against TIR as follows:

   a) For an order pursuant to section 16(b) of the FLSA finding TIR liable for all unpaid overtime and an equal amount of liquidated damages;

   b) For an order awarding Plaintiff his costs;

   c) For an order awarding Plaintiff his attorneys' fees;

   d) For an order awarding Plaintiff pre- and post-judgment interest at the highest rates allowed by law; and

   e) For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    **Michael A. Josephson**
    Texas Bar 24014780
    **Andrew W. Dunlap**
    Texas Bar 24078444
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS FOR PLAINTIFF**